Filed 6/25/26  P. v. Castellon CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B347421 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 24CMCF00769) |
| v. | |
| KEVIN FOUA CASTELLON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Pat Connolly, Judge. Vacated and remanded with directions.

Nicole Kronberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Wyatt E. Bloomfield and Lindsay Boyd, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In the proceedings below, the trial court denied appellant Kevin Foua Castellon's petition for mental health diversion pursuant to Penal Code section 1001.36.[1] Section 1001.36 provides a defendant in a criminal case is eligible for mental health diversion if he demonstrates: (1) he has been diagnosed with a recognized mental disorder; and (2) that disorder was a significant factor in the commission of the charged crime. Section 1001.36, subdivision (b)(2) states that, "[i]f the defendant has been diagnosed with a mental disorder," this second factor is presumed "unless there is clear and convincing evidence that [the disorder] was not a motivating factor, causal factor, or contributing factor to the defendant's involvement in the alleged offense."

The parties do not dispute Castellon was diagnosed with a recognized mental disorder. Castellon contends the court erred in denying his petition either because the court either improperly shifted the burden to him to prove his mental disorder was a significant factor in his charged crimes, or because substantial evidence does not support a finding by clear and convincing evidence that his mental disorder was not such a factor. We agree and reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. *Castellon Is Charged with Robbery and Brandishing a Replica Gun*

In April 2024, the People filed a felony complaint, accusing Castellon of two counts of second degree robbery and two counts of brandishing a replica gun; Castellon pled not guilty. In May

_____

[1] Undesignated statutory references are to the Penal Code.

2024, Castellon's counsel declared a doubt as to Castellon's mental competence. The court ordered a psychiatrist to examine Castellon and prepare a report. The psychiatrist opined that although Castellon "meets the DSM-V diagnostic criteria for a Methamphetamine Use Disorder," he was "mentally competent to stand trial." In July 2024, after reviewing the report, the court found Castellon was "able to understand the nature of the proceedings taken against him" and "able to assist counsel in the conduct of a defense in a rational manner."

In an August 2024 preliminary hearing, witnesses testified that a masked person robbed a convenience store while one employee and his friend were there. The stolen money contained a tracking device. In a car in which Castellon was sitting in the rear passenger seat, police located the tracking device along with money, clothing that matched the clothing worn by the robber as seen in surveillance footage, and a replica firearm. The clothing was found in the backseat; the replica firearm was found on the rear passenger-side floor. The money and tracking device were in the center console of the vehicle.

The court dismissed one count of robbery and one count of brandishing a replica gun, added a count of criminal threat in violation of section 422, subdivision (a) (to which Castellon pled not guilty), and held Castellon to answer on all three counts.

## B. *The Court Denies Mental Health Diversion*

### 1. The Petition

In January 2025, Castellon filed a petition for mental health diversion pursuant to section 1001.36. Castellon asserted he was examined by a licensed psychologist who diagnosed him with three mental disorders that were a significant factor in the

commission of the charged offenses. Castellon further argued the same psychologist found his symptoms would respond to mental health treatment. Finally, Castellon waived his right to a speedy trial, agreed to comply with a treatment plan, and denied he would pose an unreasonable risk of committing a "super-strike" if treated.

### 2. The Psychologist's Report

Attached to the petition was a report authored by Keyondria Bunch, a licensed psychologist. Bunch opined Castellon "is suffering from a mental illness and appears to meet diagnostic criteria for diagnoses of Stimulant Use Disorder, Major Depressive Disorder, and Unspecified Schizophrenia Spectrum and Other Psychotic Disorders." She also stated her belief that Castellon's "mental illness played a significant role in the commission of the charged offenses." (Boldface removed.)

Bunch noted Castellon "displayed symptoms consistent with the underlying disorder at or near the time of the incident, specifically, disorganized behavior, poor judgement/insight, and impulsivity." She added that, "[a]t the time of arrest[,] Mr. Castellon was not medicated, was not in treatment, and was actively abusing substances. Mr. Castellon shared, at the time of arrest, he was additionally experiencing auditory hallucinations. Mr. Castellon was not receiving appropriate community-based mental health treatment and services that would have been necessary to aid him in maintaining sobriety and stability."

### 3. The Court's Ruling

In a March 2025 hearing, the court stated it had reviewed Bunch's report "very closely" and questioned its reliability. The court opined that Bunch failed to consider Castellon's "many

4

priors" and their "escalating seriousness." The court also told Castellon that, "without even looking at whether or not you may or may not be looking at committing a super strike in the future, the court does not find that the work by the doctor is conclusively based on anything other than your statements." The court concluded Castellon was "not a good candidate for mental health diversion right now" and denied the petition.

### C.     *Castellon Pleads No Contest*

In May 2025, pursuant to a plea bargain, Castellon pled no contest to one count of robbery. The court sentenced him to three years in state prison and dismissed the other two counts.

In June 2025, Castellon filed a notice of appeal of the court's denial of his petition for mental health diversion while simultaneously requesting the court issue a certificate of probable cause to permit the appeal. In July 2025, the court granted the request for a certificate of probable cause.

### DISCUSSION

### A.     *Governing Law*

"A defendant is eligible for pretrial diversion pursuant to this section if": (1) "The defendant has been diagnosed with a mental disorder as identified in the most recent edition of the Diagnostic and Statistical Manual of Mental Disorders" and (2) "The defendant's mental disorder was a significant factor in the commission of the charged offense." (§ 1001.36, subd. (b).)

"The defendant bears the burden of making a prima facie showing that he or she meets the minimum requirements of eligibility for diversion." (*People v. Gerson* (2022) 80 Cal.App.5th 1067, 1078–1079.) However, "[i]f the defendant has been

5

diagnosed with a mental disorder, the court shall find that the defendant's mental disorder was a significant factor in the commission of the offense unless there is clear and convincing evidence that it was not a motivating factor, causal factor, or contributing factor to the defendant's involvement in the alleged offense." (§ 1001.36, subd. (b)(2).)

Additionally, "the statute gives the trial court discretion to deny diversion even if the statutory requirements are met." (*Vaughn v. Superior Court* (2024) 105 Cal.App.5th 124, 134.) "However, 'this "residual" discretion must be exercised " 'consistent with the principles and purpose of the governing law.' " ' " (*Lacour v. Superior Court* (2025) 110 Cal.App.5th 391, 401.)

"We review the trial court's denial of mental health diversion for abuse of discretion." (*People v. Pacheco* (2022) 75 Cal.App.5th 207, 213.) "A court abuses its discretion when it makes an arbitrary or capricious decision by applying the wrong legal standard" or when it "bases its decision on express or implied factual findings that are not supported by substantial evidence." (*People v. Moine* (2021) 62 Cal.App.5th 440, 449.)

**B.** *The Court Erred in Denying Castellon's Petition*

No party disputed Castellon was diagnosed with a mental disorder as defined in section 1001.36, subdivision (b)(1), and the court did not expressly address this eligibility requirement. Instead, the court criticized the Bunch report for not considering the "many priors" Castellon had, as well as their "escalating seriousness." The court also faulted the report for not being "conclusively based on anything other than [Castellon's] statements." Like the parties, we interpret the court's comments as discounting the Bunch report's conclusion that Castellon's

6

mental disorder played a significant role in the commission of the charged crimes.

On appeal, Castellon argues that "[t]he court's finding that Appellant's mental disorder was not a significant factor in the commission of the offense is not supported by substantial evidence," and "[t]he court's finding that Appellant's criminal history made him ineligible for diversion improperly shifted the burden to Appellant to demonstrate his mental disorder played a significant role in the commission of the offense." The People counter that the trial court was well within its discretion to reject the Bunch report's conclusion that Castellon's mental disorder played a significant factor in his charged offenses.

We agree that a "trial court is not bound by an expert's testimony and opinion." (*In re J.S.* (2024) 105 Cal.App.5th 205, 212; see also *In re Scott* (2003) 29 Cal.4th 783, 823 ["The *fact finder* determines the facts, not the experts. Indeed, the fact finder may reject even 'a unanimity of expert opinion' "].) But even were the court to discount the Bunch report's conclusion in its entirety, "the absence of evidence proving that petitioner's mental disorder *was* a factor in the commission of the offenses is not substantial evidence supporting a finding by clear and convincing evidence that petitioner's mental disorder *was not* a factor in the commission of the offenses. It was the prosecution's burden to present such clear and convincing evidence." (*Lacour v. Superior Court*, *supra*, 110 Cal.App.5th at p. 404.)

Here, the only "evidence" noted by the court was Castellon's "many priors" and their "escalating seriousness." The People do not explain, and we do not see, how Castellon's escalating priors constituted clear and convincing evidence that his mental

7

disorders did not play a significant factor in the commission of the crimes with which he was charged.

The People also argue that, even if Castellon were eligible for diversion, the court retained "residual discretion" to deny his petition. But "[a] court abuses its discretion when it makes an arbitrary or capricious decision by applying the wrong legal standard" or when it "bases its decision on express or implied factual findings that are not supported by substantial evidence." (*People v. Moine, supra,* 62 Cal.App.5th at p. 449.) Here, it appears that the court either placed the burden on Castellon to demonstrate his mental disorder was a significant factor in the commission of the charged offenses or found clear and convincing evidence that the mental disorder was not a significant factor. In other words, the court either applied the wrong legal standard or based its decision on a factual finding unsupported by substantial evidence. Either way, reversal is required.

## DISPOSITION

The trial court's order denying Castellon's petition is vacated, and the matter is remanded to the court with directions to hold a new hearing on Castellon's petition for mental health diversion should Castellon still request such relief. If Castellon still requests such relief, his conviction is conditionally vacated. Should the court deny his request for mental health diversion,

8

Castellon's conviction is reinstated.  Should the court grant his request for mental health diversion, his conviction is vacated.

NOT TO BE PUBLISHED

M. KIM, J.

We concur:

BENDIX, Acting P. J.

WEINGART, J.